**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE YOUTUBE URL SERVICED BY GOOGLE LLC** | ML No. **20-ml-308** |

*Reference:     DOJ Ref. # CRM-182-70901; Subject Account:*
*http://www.youtube.com/channel/UCX_QXuS4B-th6TYYblj6Log*

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and

3512(a), and the Agreement between the United States of America and the Republic of Poland

on the Application of the Treaty between the United States of America and the Republic of

Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article

3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and

the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY

DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic

of Poland ("Poland").  The proposed Order would require Google LLC ("PROVIDER"), an

electronic communication service and/or remote computing service provider located in Mountain

View, California, to disclose certain records and other information pertaining to the PROVIDER

account(s) associated with YouTube URL **http://www.youtube.com/channel/UCX_QXuS4B-**

**th6TYYblj6Log**, as set forth in Part I of Attachment A to the proposed Order, within ten days of

receipt of the Order.  The records and other information to be disclosed are described in Part II of

Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.       A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## **RELEVANT FACTS**

5.       Authorities in Poland are investigating an unknown suspect(s) for copyright infringement offenses, which occurred in and before November 2017, in violation of the criminal law of Poland, specifically, Articles 116 and 117 of the Polish Act on Copyright and Neighbouring Rights of February 4, 1994.  A copy of the applicable laws is appended to this application.  The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation and/or

---

[1]  The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6.      According to authorities in Poland, in November 2017, a large Polish broadcasting company (the "Victim Company"), during routine tasks of monitoring the Internet, discovered that YouTube user ZMatiYTx had published at least seven episodes of a program called "Wlatey Moch," an animated comedy series.  According to open sources, the program consists of a total of 127 regular episodes and two special episodes and has often been compared to the American cartoon series "South Park."  The show "Wlatey Moch" had been aired on Polish television by the Victim Company between November 2006 and December 2011 and won a prestigious Polish television series award in 2008.  The Victim Company held exclusive rights to broadcasting the episodes.  YouTube user ZMatiYTx rebroadcasted the episodes without its authorization.

7.      YouTube user ZMatiYTx was identified as illegally rebroadcasting "Wlatey Moch" episodes on YouTube channel **http://www.youtube.com/channel/UCX_QXuS4B-th6TYYblj6Log**.  The episodes were redistributed at various unknown but repeated occasions, before November 14, 2017, when the Victim Company discovered the infringement.  Polish authorities determined that YouTube user ZMatiYTx did not have any distribution rights to any of the episodes of "Wlatey Moch" and that all copyrights associated with these episodes belong to the Victim Company.

8.      Pursuant to figures presented by the Victim Company, the amount of loss from the rebroadcasted episodes on the YouTube channel

**http://www.youtube.com/channel/UCX_QXuS4B-th6TYYblj6Log** amounted to about PLN 45,271 (approximately USD 11,800).

9.       Polish authorities have not determined when specifically YouTube URL **http://www.youtube.com/channel/UCX_QXuS4B-th6TYYblj6Log** started rebroadcasting the episodes, but note that it was before November 14, 2017.  This YouTube URL appeared to have been exclusively used by its user(s) to illegally rebroadcast "Wlatey Moch" episodes.

10.       Because, to date, Polish authorities have not been able to identify the individuals responsible for the unauthorized broadcasting of the episodes, and in order to further their investigation, they request non-content records for YouTube URL **http://www.youtube.com/channel/UCX_QXuS4B-th6TYYblj6Log**, registered to PROVIDER.

## REQUEST FOR ORDER

11.       The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Ruxandra Barbulescu
Trial Attorney
NY Bar Number 2988228
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 305-4136 telephone
(202) 514-0080 facsimile
Ruxandra.Barbulescu@usdoj.gov

**<u>Relevant Provisions of the Polish Act on
Copyright and Neighbouring Rights of February 4, 1994</u>**

**Article 116, Section 1**

Whoever, without authorization or against its terms and conditions, disseminates someone else's work, in the original or derivative version performance, phonogram, videogram or broadcast, shall be liable to a fine, restriction of liberty or deprivation of liberty for the period of up to 2 years.

**Article 117, Section 1**

Whoever, without authorization or against its conditions, uses or reproduces another person's work in the original or derivative version, performance, phonogram, videogram or broadcast, for the purpose of its dissemination, shall be liable to a fine, restriction of liberty or deprivation of liberty for the period of up to 2 years.